# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-0983V**

|  |  |
|---|---|
| KRISTEN WILSON-RUSSELL, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 21, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Sara DeStefano, U.S. Department of Justice, Washington, DC, for Respondent.*

## <u>RULING ON ENTITLEMENT</u>[1]

On June 12, 2025, Kristen Wilson-Russell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), which she amended on January 19, 2026. Petitioner alleges that she suffered brachial neuritis resulting from a tetanus diphtheria acellular pertussis ("Tdap") vaccine received on January 26, 2023. Amended Petition at 1. Petitioner further alleges that her symptoms persisted for more than six months and neither Petitioner, nor any other party, has ever filed any action, or received compensation in the form of an award or settlement, for Petitioner's vaccine-related injury. Amended Petition at ¶¶ 14-16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On December 19, 2025, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case for brachial neuritis, but that this precludes her from establishing a shoulder injury related to vaccine administration ("SIRVA") claim.[3] *Id.* at 1, 6. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that Petitioner's injury is consistent with brachial neuritis as defined by the Vaccine Injury Table in that "petitioner's brachial neuritis first manifested between two and twenty-eight days of her receipt of the Tdap vaccine, petitioner received a clinical diagnosis of brachial plexopathy, the findings of petitioner's EMG/NCV were consistent with brachial neuritis, and no other condition or abnormality has been identified to explain petitioner's symptoms." *Id.* at 6. Respondent further agrees that that Petitioner suffered sequela of her injury for more than six months, and should be found entitled to compensation. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation for brachial neuritis.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Respondent states that Petitioner cannot establish a Table SIRVA claim due to her brachial neuritis. Petitioner originally asserted claims for both SIRVA and brachial neuritis. Petition at 1. However, she has now amended her petition to assert only a brachial neuritis claim. Amended Petition at 1.