# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-0983V**

KIRSTEN WILSON-RUSSELL,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 13, 2026

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Sara DeStefano U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 12, 2025, Kristen Wilson-Russell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"), which she amended on January 19, 2026. Petitioner alleges that she suffered brachial neuritis resulting from a tetanus diphtheria acellular pertussis ("Tdap") vaccine received on January 26, 2023. Amended Petition at 1. On March 26, 2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 24

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $21,387.39 (representing $20,335.00 in fees plus $1,052.39 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed April 24, 2026, ECF No. 28. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2

Respondent reacted to the motion on April 29, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No. 29. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 28 at 20-37. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $21,387.39 (representing $20,335.00 in attorney's fees and $1,052.39 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.